UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00008-GNS

RUSSELL HAMMER                                                                                    PLAINTIFF

v.

STATE AUTO PROPERTY &
CASUALTY INSURANCE COMPANY                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 27). The motion is ripe for adjudication. For the reasons outlined below, the motion is **DENIED**.

**I.      STATEMENT OF FACTS AND CLAIMS**

This is an insurance coverage dispute. On February 23, 2016, a fire caused a total loss of the home of Plaintiff Russell Hammer ("Plaintiff"). (Compl. ¶¶ 1-3, 5, 12, DN 1). At the time, State Auto Property & Casualty Insurance Co. ("Defendant") provided property insurance coverage for Plaintiff's home. (Compl. ¶ 5; Compl. Ex. 1, DN 1-3). Plaintiff alleges he filed a claim with Defendant, but that Defendant has neither paid the claim nor offered a reason for its inaction. (Compl. ¶ 18).

Defendant's motion seeks summary judgment on a discrete issue that requires the Court to consider not the events surrounding the fire but rather the effect of a bankruptcy filed and dismissed

in 2009. At that time, Plaintiff, acting pro se, filed for bankruptcy under Chapter 13. *See* Case No. 09-10846-JAL (Bankr. W.D. Ky. 2009). In his initial petition, Plaintiff listed the value of the subject residence at $300,000. (Def.'s Mot. Sum. J. Ex. 8, at 1, DN 27-10). Plaintiff valued his personal property at the time at $22,500. (Def.'s Mot. Summ. J. Ex. 8, at 4). The Bankruptcy Court ordered Plaintiff to pay the filing fee of $274 in installments. (Def.'s Mot. Summ. J. Ex. 9, at 1, DN 27-11).

Plaintiff subsequently converted the bankruptcy to a Chapter 11 with assistance of counsel and declared the value of his residence to be $110,000 and the value of his personal property to be $24,051. (Def.'s Mot. Summ. J. Ex. 13, at 13-16, DN 27-15). The Bankruptcy Court ordered Plaintiff to attend the Section 341 meeting of creditors. (Def.'s Mot. Summ. J. Ex. 24, at 1, DN 27-26). Following the Section 341 meeting, however, the U.S. Trustee moved to dismiss Plaintiff's bankruptcy. (Def.'s Mot. Summ. J. Ex. 15, at 1-3, DN 27-17 [hereinafter Trustee's Mot.]). The Trustee stated Plaintiff failed to amend his bankruptcy schedules with respect to a number of assets. (Trustee's Mot. 2). Additionally, Plaintiff allegedly failed to provide the Trustee with required financial documents despite repeated requests. (Trustee's Mot. 1-2). After a hearing, the Bankruptcy Court granted the Trustee's motion and dismissed Plaintiff's case on December 18, 2009. (Def.'s Mot. Summ. J. Ex. 17, at 1, DN 27-19).

## II.     **JURISDICTION**

This Court has diversity jurisdiction over this matter because the parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

## III.     **STANDARD OF REVIEW**

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as

a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

### IV.     DISCUSSION

Defendant seeks summary judgment on the grounds of judicial estoppel, arguing Plaintiff is bound by the representations he made to the Bankruptcy Court with respect to the value of his residence and personalty. (Def.'s Mem. Supp. Mot. Summ. J. 6, DN 27-1 [hereinafter Def.'s Mot.]). Specifically, Defendant notes that Plaintiff represented to the Bankruptcy Court that the value of his residence was $110,000 yet claimed a loss of $397,281.76 for the same residence after the fire. (Def.'s Mot. 12). Likewise, Plaintiff valued his personalty at the time of his Chapter 11 filing in 2009 at $24,051 yet represented after the fire that his personal property loss was $399,605.

(Def.'s Mot. 11). Defendant argues Plaintiff made a representation to the Bankruptcy Court, the position was adopted by the Bankruptcy Court, and Plaintiff must be bound by that representation to prevent his gaming the system. (Def.'s Mot. 15-16).

Plaintiff responds that when he reported his assets for purposes of the 2009 bankruptcy, he listed prices consistent with garage sale or liquidation values. (Pl.'s Resp. Def.'s Mot. Summ. J. 11-13, DN 33 [hereinafter Pl.'s Resp.]). On the other hand, Plaintiff contends he calculated the replacement value of lost property—consistent with his insurance policy—when submitting his claim. (Pl.'s Resp. 12-13). Additionally, Plaintiff argues Defendant has failed to recognize the possibility that Plaintiff acquired additional personal property in the seven years between filing bankruptcy and the fire. (Pl.'s Resp. 13-14). With respect to the residence, Plaintiff argues he seeks the policy limit because the home was a complete loss, and as a result, it is premature to apply judicial estoppel to the value of the home. (Pl.'s Resp. 14).

Next, Plaintiff argues judicial estoppel is inapplicable because the Bankruptcy Court never adopted Plaintiff's position as to the value of his property. Instead, the Court dismissed the case, offering no opinion as to Plaintiff's claimed property values. (Pl.'s Resp. 15-17). Finally, Plaintiff argues that ordering a meeting between a debtor and creditors is not judicial acceptance of a bankruptcy petitioner's position, and further action that affects the rights of others or impacts the Bankruptcy Court is required before a plaintiff's representations have been judicially accepted. (Pl.'s Resp. 18-21).

"The doctrine of judicial estoppel 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)). Principally, the doctrine aims to preserve

"the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship . . . ." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990) (citation omitted). "Judicial estoppel, however, should be applied with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.'" *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (citation omitted). In the bankruptcy context, "judicial estoppel bars (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne*, 911 F.2d at 1218).

Here, the first prong is satisfied. Plaintiff asserted a position under oath to the Bankruptcy Court respecting the value of his property, a point Plaintiff candidly does not dispute. (Pl.'s Resp. 10).

The next issue is whether the Bankruptcy Court adopted Plaintiff's assertion. There is no bright line rule defining the point at which a party's factual assertion is adopted by a judicial body. The Sixth Circuit held that "when a bankruptcy court—which must protect the interests of all creditors—approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position." *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988).

*Reynolds* concerned a challenged to a finding of the Commissioner of Internal Revenue. Specifically, in 1983, the Commissioner found that sale proceeds from mineral rights in a coal mine that had been nominally attributed to the petitioner's wife were actually attributable to the petitioner for tax purposes. *Id.* at 470. However, in a prior bankruptcy proceeding involving

5

petitioner's wife, the Commissioner had attributed the same proceeds to her. *Id.* The court concluded that judicial estoppel barred the Commissioner from asserting an inconsistent position in the subsequent proceeding and bound the Commissioner to its determination that the sale proceeds were attributable to petitioner's wife. *Id.* at 473.

The Sixth Circuit rested its reasoning on the fact that "[i]n bankruptcy proceedings, as distinguished from ordinary civil cases, any compromise between the debtor and his creditors must be approved by the court as fair and equitable." *Id.* (citations omitted). As a result, a bankruptcy court has an "affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Id.* (citation omitted). The court concluded that the Commissioner's prior representation was essential to the bankruptcy judge's approval of the compromise, and the Commissioner was therefore bound by that representation. *Id.* at 473-74.

The sole piece of evidence Defendant has offered to suggest that the Bankruptcy Court accepted Plaintiff's position is an order compelling Plaintiff to pay the bankruptcy filing fee and ordering him to attend a meeting with his creditors. Nothing about this order suggests that the Bankruptcy Court relied on Plaintiff's representations concerning the value of his personal and real property. On the contrary, the Trustee expressed concerns with Plaintiff's disclosures, prompting a motion to dismiss. In granting the Trustee's motion and dismissing the case, the Bankruptcy Court expressly opted not to rely on Plaintiff's representations at the time. The Bankruptcy Court fashioned no compromise among Plaintiff and his creditors, instead accepting the Trustee's position and dismissing the case because Plaintiff had failed to provide complete information to the Trustee.

6

One of the primary functions of judicial estoppel is to prevent "creat[ing] the perception that either the first or the second court was misled." *New Hampshire*, 532 U.S. at 750. Applying judicial estoppel in this case would not further this goal. The Bankruptcy Court dismissed Plaintiff's case with no payment plan in place and indeed with no comment on the relationship between Plaintiff and his creditors. The Trustee opined in its motion to dismiss that Plaintiff had failed to amend his petition with respect to certain assets, but the Bankruptcy Court never made a determination as to the merits of that issue. Therefore, no risk exists that either the Bankruptcy Court or this Court will appear misled.

Even if Defendant could show that the Bankruptcy Court accepted Plaintiff's prior position, summary judgment is still inappropriate. For judicial estoppel to apply, a party's position must be "clearly inconsistent with its earlier position." *Id.* at 750 (internal quotation marks omitted) (citations omitted). As our sister court has noted, evaluations of property for bankruptcy purposes can be assessed on a liquidation or garage sale basis. *Pavelka v. Allstate Prop. & Cas. Ins. Co.*, 91 F. Supp. 3d 931, 935 (E.D. Mich. 2015). In this case, neither party has conclusively demonstrated what method was used to value Plaintiff's property during the bankruptcy proceeding, but it is clear that the policy at issue in this case provides for the replacement value of covered property. (Compl. Ex. 1, at 24-25). Thus, if Plaintiff provided liquidation numbers for his property in the bankruptcy proceeding, there would necessarily be a significant discrepancy between liquidation and replacement cost values.

Additionally, Defendant's argument fails due to the extensive lapse of time between Plaintiff's bankruptcy filings and the fire that sparked this litigation. The Court cannot on such scant evidence hold that Plaintiff is estopped from claiming different property values nearly seven years following bankruptcy. *See, e.g.*, *White*, 617 F.3d at 474 (applying judicial estoppel where

7

plaintiff failed to disclose a sexual harassment claim when bankruptcy commenced thirty days after the EEOC's issuance of a right to sue letter); *Sexton v. State Farm Fire & Cas. Co.*, No. 3:09-CV-535, 2011 U.S. Dist. LEXIS 67668, at *4 (E.D. Tenn. June 23, 2011) (bankruptcy case dismissed weeks before fire that led to insurance claim).

Personal property is not a fixed asset. Most cases addressing this issue, and indeed the seminal case on judicial estoppel and bankruptcy in this Circuit, most frequently concern a discrete legal claim and asked whether the debtor knew of that claim at the time of their bankruptcy. *Browning*, 283 F.3d at 775; *see also Eubanks*, 385 F.3d at 897-99; (involving failure to disclose legal claim); *White*, 617 F.3d at 476-84 (same); *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424-29 (6th Cir. 2005) (same); *Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 314-16 (6th Cir. 2013) (same); *Harrah v. DSW Inc.*, 852 F. Supp. 2d 900, 903-08 (N.D. Ohio 2012) (same). In the present case, Defendant has not established that Plaintiff possessed the exact personal property in 2016 that he did in 2009. In fact, a clear question of fact exists because Plaintiff testified that he has acquired additional property since the bankruptcy. (Pl.'s Examination Under Oath 64-66, 157-59, DN 33-1).

Finally, the Court takes judicial notice of the fact that in 2009, the country was in the throes of a housing crisis that depressed real estate values nationwide. Even if that were not the case, however, the real estate market changes over time and there could be numerous reasons why Plaintiff's real property value may have increased. Again, the Court will not, on the evidence before it, bind Plaintiff to a representation he made in 2009.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 27) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

August 2, 2019

cc: counsel of record